IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LACEY BIRD, MAKENZIE SHAW-DAVID, and ALISHIA EGENHOFF,

           Plaintiffs,

   v.

ALANSON M. RANDOL, D.D.S., a professional corporation, and ALANSON M. RANDOL, an individual,

           Defendants.

Case No. 6:23-cv-1678-MC

OPINION AND ORDER

_____

MCSHANE, Judge:

    Plaintiffs bring religious discrimination claims under both Title VII of the Civil Rights Act and Oregon law against their former employer, Alanson M. Randol, D.D.S. (the "Dental Practice") and its president, Dr. Alanson M. Randol. Compl. ¶¶ 46, 55, 59, ECF No. 1. Plaintiffs allege that Defendants unlawfully terminated their employment when Plaintiffs declined to be vaccinated against the COVID-19 virus based on a religious belief. *Id.* ¶ 24. Defendants move to dismiss, arguing that Plaintiffs fail to allege with any specificity a sincerely held religious belief that conflicts with the vaccine requirement. Defs.' Mot. to Dismiss 5, ECF No. 8. Because Plaintiffs Bird and Egenhoff sufficiently allege plausible facts that suggest they held such a sincere belief, while Plaintiff Shaw-David fails in that respect, Defendants' Motion to Dismiss (ECF No. 8) is DENIED in part and GRANTED in part.

1 – OPINION AND ORDER

## BACKGROUND

In August 2021, the Oregon Health Authority ("OHA") enacted an administrative rule ("the Mandate") requiring healthcare workers in Oregon to be vaccinated against COVID-19 by a deadline of October 18, 2021. Compl. ¶ 12. Three of Defendants' employees—Lacey Bird, Makenzie Shaw-David, and Alishia Egenhoff (collectively, "Plaintiffs")—requested exemptions to the Mandate based on their religious beliefs. *Id.* ¶ 18.

Plaintiff Lacey Bird had worked for the Dental Practice in an administrative role since January 2012. *Id.* ¶ 15. In her exemption request, Bird asserted that she is a practicing Christian and believes her body is a "temple of the Holy Spirit" that she must not defile with "potentially harmful substances" such as the COVID-19 vaccine. *Id.* ¶¶ 15, 18. To explain why she thought Defendants' vaccine policy conflicted with her Christian faith, Bird included with her request "scripture from the Bible that pertains to [her] discernment toward the Covid-19 vaccine, and the current social climate surrounding vaccine mandates." *Id.* at 20.

Plaintiff Makenzie Shaw-David had worked for the Dental Practice since 2017 and oversaw the Dental Practice's Human Resources Department. *Id.* ¶ 15. In her exemption request, Shaw-David asserted that she is a practicing Christian and believes "God is going to shield [her] from this virus." *Id.* ¶ 15; Morgan Decl. Ex. 1, at 2, ECF No. 9.

Plaintiff Alishia Egenhoff had worked for the Dental Practice since July 2010 and oversaw the Dental Practice's operations. Compl. ¶ 15. In her exemption request, Egenhoff asserted that she "prayed about how to respond to the COVID vaccine directive in light of [her] religious beliefs." *Id.* Egenhoff further stated that "the Holy Spirit has moved on my heart and conscience that I must not accept the COVID vaccine[,]" and that she would "be jeopardizing my relationship with God" if she were "to go against the moving of the Holy Spirit." *Id.*

Plaintiffs filed their religious exemption waivers and Defendants initially approved Plaintiffs' requests. *Id*. ¶ 19. But on January 22, 2022, Defendants sent a staff-wide email revoking all religious exemptions. Id. ¶ 20. Defendants also implemented a new vaccination policy, under which Plaintiffs had until the end of the month to start the vaccination process or risk termination from their positions. *Id*. ¶ 20; *Id*. at 24. Plaintiffs refused to comply with Defendants' vaccination policy, and Defendants terminated Plaintiffs' employment on January 30, 2022. *Id*. ¶ 24.

Plaintiffs commenced this action and alleging religious discrimination claims under Title VII of the Civil Rights Act and violations of Oregon law against the Dental Practice. Plaintiffs also assert an aiding and abetting claim against Dr. Randol. Defendants now move to dismiss all claims.

## **STANDARDS**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the Court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**DISCUSSION**

Defendants argue that Plaintiffs failed to plead prima facie cases of employment discrimination under Title VII, 42 U.S.C. § 2000e, and Or. Rev. Stat. § 659A.030(1)(a).[1] Defs.' Mot. 2. Title VII makes it is unlawful for an employer to discharge an employee because of their religion. 42 U.S.C. § 2000e-2(a)(1); *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1437 (9th Cir. 1993). The term "religion" encompasses all aspects of religious practice and belief. 42 U.S.C. § 2000e(j); *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 602 (9th Cir. 2004). Title VII failure-to-accommodate claims are analyzed under a two-part, burden-shifting framework. *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998). A plaintiff must first plead a prima facie case of religious discrimination. *Id*. If an employee articulates a prima facie case, the burden shifts to the employer to show that it made good-faith efforts to reasonably accommodate the religious practice or that it could not accommodate without undue hardship. *Id*.

To assert a prima facie failure-to-accommodate claim under Title VII, Plaintiffs must allege that (1) they "had a bona fide religious belief, the practice of which conflicted with an employment duty;" (2) they "informed [their] employer of the belief and conflict;" and (3) "the employer discharged, threatened, or otherwise subjected [them] to an adverse employment action because of [their] inability to fulfill the job requirement." *Peterson*, 358 F.3d at 606. "A bona fide religious belief is one that is 'sincerely held.'" *Keene v. City & Cnty. of San Francisco*, No. 22-16567, 2023 WL 3451687, at *1 (9th Cir. May 15, 2023).

Both the Supreme Court and Ninth Circuit have cautioned against second-guessing the reasonableness of an individual's asserted religious beliefs. *See e.g.*, *Burwell v. Hobby Lobby*

---

[1] Claims brought under Or. Rev. Stat. § 659A.030(1)(a) are analyzed under the same framework as claims brought under Title VII. *Detwiler v. Mid-Columbia Med. Ctr.*, No. 22-cv-01306-JR, 2022 WL 19977290 (D. Or. Dec. 20, 2022), *report and recommendation adopted,* No. 3:22-CV-01306-JR, 2023 WL 3687406 (D. Or. May 26, 2023).

*Stores, Inc.*, 573 U.S. 682, 725 (2014) (internal quotations and citations omitted) (cleaned-up) ("The Court's narrow function is to determine whether the line drawn reflects an honest conviction."); *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023) ("we do not interrogate the reasonableness of [Plaintiff's] beliefs and instead focus our inquiry on whether she has alleged an actual conflict."). A court need not take "conclusory assertions of violations of religious beliefs at face value." *Bolden-Hardge*, 63 F.4th at 1223. Similarly, a "threadbare reference" to a plaintiff's religious beliefs is insufficient to satisfy the first element of her prima facie case for Title VII discrimination. *See Gage v. Mayo Clinic*, No. CV-22-02091-PHX-SMM, 2023 WL 3230986, at *3 (D. Ariz. May 3, 2023) (citing *Iqbal*, 556 U.S. at 678).

Title VII does not protect medical, economic, political, or social preferences. *See Tiano*, 139 F.3d at 682; *see also Detwiler*, 2022 WL 19977290, at *4 (finding plaintiff's objection to regular COVID-19 antigen testing to be secular because they believed the tests were carcinogenic and would cause more harm than good); *Ruscitti v. Legacy Health,* No. 3:23-CV-00787-JR, 2023 WL 8007620 (D. Or. Sept. 27, 2023), *report and recommendation adopted*, No. 3:23-CV-00787-JR, 2023 WL 8006269 (D. Or. Nov. 16, 2023) ("the use of religious vocabulary does not elevate a personal medical judgment to a matter of protected religion").

Defendants assert that Defendants' beliefs are "decidedly secular" rather than religious. They argue that Plaintiffs fail to allege how their protected religious beliefs conflict with a work requirement. Defs.' Mot. 5. But at this early stage of litigation, Plaintiffs Bird and Egenhoff have each sufficiently plead a conflict between Defendants' vaccine policy and their respective religious beliefs.

5 – OPINION AND ORDER

Plaintiff Bird submitted her exemption request with several scripture verses and offered her personal thoughts about how the verses pertain to the COVID-19 vaccine. Defendants argue that Bird is simply using Bible verses to disguise her secular beliefs as religious. Defs.' Mot. 12. To support their assertion, Defendants cherry-pick Bird's exemption request and identify various phrases they purport to be legal ("I am called to refuse this unconstitutional mandate"), social (statements about "fear," "love," and "self-control"), or medical ("the vaccine is not something that I am willing to get due to its harmful and controversial ingredients"). Defs.' Mot. 16–17. While merely citing Bible passages alongside secular statements does not transform a request into one entitled to religious protections, those are not the circumstances before the Court today. Plausibly, the scripture verses do not disguise Bird's beliefs as religious; rather, the scripture verses emphasize how Bird's sincerely held religious beliefs conflict with her receiving the COVID-19 vaccine. Although Defendants assert that Bird's beliefs are conclusively secular, courts cannot "easily distinguish between beliefs springing from religious and secular origin." *Callahan v. Woods*, 658 F.2d 679, 687 (9th Cir. 1981). Under Rule 12's plausibility standard, Bird has sufficiently pled how her faith conflicts with Defendants' vaccination requirement.

Plaintiff Egenhoff's alleged religious conflict is sufficiently plead for the same reasons:

> I have been a Christian for many years. As a believer in Jesus, the Holy Spirit lives in me. Jesus said the Holy Spirit will guide each person who repents of their sin and believes upon Him into all truth. I seek God's will for my life through prayer, reading the Bible, and relying on the power of the Holy Spirit to help me do God's will. I believe God's promise that "if anyone lacks wisdom, let him as of God, who gives to all liberally." (James 1:5) I have prayed about how to respond to the COVID vaccine directive in light of my religious beliefs. As I have prayed, the Holy Spirit has moved on my heart and conscience that I must not accept the COVID vaccine. If I were to go against the moving of the Holy Spirit, I would be jeopardizing my relationship with God and violating my conscience.

6 – OPINION AND ORDER

Compl. at 22. Defendants ask the Court to view Egenhoff's opposition to the vaccine as a secular choice. But the Court's duty is not to ascertain whether Plaintiffs' beliefs are reasonable, and the Court can infer that Egenhoff used her interactions with the Holy Spirit to inform her decision about the COVID-19 vaccine. *See Bolden-Hardge*, 63 F.4th at 1223. Questions concerning the credibility of Plaintiffs' beliefs will be left for another time.

Plaintiff Shaw-David's exemption request, however, fails to allege a conflict between a religious belief and Defendants' vaccine policy. Shaw-David submitted a religious exemption request which explained her belief that God would shield her from the COVID-19 virus:

> My body has seen the virus and through God's grace, I was able to fight it off and form a natural immunity. Because of the timing of my sickness and all the events following, I can only believe that God was looking out for us and had a hand in healing our family in more ways than the illness we were faced with. I believe the mandate has caused unnecessary fear and is creating a divide that is testing our community's faith and beliefs. God said, "fear not, for I am with you; do not be dismayed, for I am with you. I will strengthen you and help you' [sic] I will uphold you with my righteous hand." I choose not to live in fear.

Morgan Decl. Ex. 1, at 2. But Shaw-David's request does not explain how her sincerely held religious beliefs prevented her from receiving the COVID vaccine. As the Court previously explained in *Kather v. Asante Health Sys.*, "vague expressions of sincerely held Christian beliefs alone cannot serve as a blanket excuse for avoiding all unwanted employment obligations." No. 1:22-cv-1842, 2023 WL 4865533, at *5 (D. Or. July 28, 2023). Shaw-David's argument, much like the dismissed plaintiffs' arguments in *Kather*, primarily focuses on her secular objections to the Mandate and her employer's vaccine policy. Accordingly, Shaw-David fails to satisfy the first step of alleging a prima facie discrimination claim.

7 – OPINION AND ORDER

## **CONCLUSION**

For the above reasons, Defendants' Motion to Dismiss (ECF No. 8) is DENIED for the claims brought by Bird and Egenhoff and GRANTED for the claims brought by Shaw-David. IT IS SO ORDERED.

DATED this 6th day of March, 2024.

                                                     /s/ Michael J. McShane
                                                        Michael J. McShane
                                              United States District Judge